MARTHA E. HARRIS, Respondent, v. J. L. DOUGHERTY, Administrator, etc., Appellant.

Kansas City Court of Appeals, December 14, 1896.

Administration: MONEY HAD AND RECEIVED: PAYMENT IN DECEDENT'S BEHALF: ACTION. Plaintiff, at her father's request, made certain payments on the mortgage debt on his homestead with the understanding that she was to pay the whole debt on condition of his allowing her to sell timber from the homestead for that purpose. She attempted to sell the timber when the father prevented. The mortgage was foreclosed and the father bought in the property for the remainder of the mortgage debt and subsequently sold it at a large advance, which money went into the hands of his administrator. *Held*, plaintiff could maintain an action for money had and received against the estate.

*Appeal from the Howard Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*R. C. Clark* and *W. M. Williams* for appellant.

(1) The petition does not state a cause of action. The sale, upon her own showing, was on account of her default, and under a deed of trust that she knew ·all about, and which she had assumed to pay. The sale was strictly according to the contract, and she can not complain of that. *McNees v. Swany*, 50 Mo. 388; 2 Jones on Mortgages, sec. 1678; *Kennedy v. Simms*, 120 Mo. 73. The petition shows that defendant was guilty of laches. *Ferguson v. Soden*, 111 Mo. 208; *Stevenson v. Saline County*, 65 Mo. 425; *Schradski v. Albright*, 93 Mo. 42. (2) The court erred in rendering judgment for plaintiff under the evidence. This is a proceeding in equity, and the testimony will be reviewed here.

The weight of the evidence is against the claim that there was an understanding that plaintiff might cut the timber from the land. The deed negatives any such arrangement, and plaintiff's conduct does not accord with the existence of any such understanding. (3) The plaintiff can not recover, under the facts in this case, upon the ground, that the purchase by the life tenant was in trust for the benefit of himself and the remainder man. The land was sold for a debt, which plaintiff was bound to pay. As between the life tenant and her, the lien was on her interest. Freeman on Cotenancy and Partition, sec. 165; *Snell v. Harrison,* 104 Mo 158. Again, there was no offer within a reasonable time, or at all, to refund the amount paid by the life tenant. Freeman on Cotenancy and Partition, sec. 156; *Allen v. Degroodt,* 105 Mo. 442.

*B. S. Head* for respondent.

(1) The petition states a cause of action. (2) As to the sale under the deed of trust, plaintiff had a perfect right to rely upon the promise of her father, Williams, in which he had told her that, if she would save the place for him he would do all in his power to help her in any way that he could; that all he wanted was a lifetime dower, etc. 6 Am. Encyclopedia of Law, p. 705; *Taylor v. Taylor,* 8 Howard (U. S.), 199. (3) There are no laches in this case. The rights of no third parties have intervened, and the statute of limitations had not begun to run. *Buren v. Buren,* 79 Mo. 542. The statute of limitations can not be invoked in behalf of a title fraudulently acquired in violation of a trust. *Choteau v. Allen,* 70 Mo. 291. (4) This court will give great weight to the finding of the trial judge in the matter of conflicting evidence. *Taylor v. Crocket,* 123 Mo. 300. (5) Plaintiff admits that her original

undertaking was to satisfy the deed of trust, and for such satisfaction to take the land as remainder-man. But in said contract she was to have the timber to pay off the deed of trust as a part of the consideration, and when Williams refused to let the timber be used, he deprived her of the means to carry out her contract, and therefore assumed to protect his life estate himself as well as the rights of plaintiff as remainder-man. *Allen v. Degroodt*, 98 Mo. 159; *Settle v. Mercer*, 9 Mo. 219; *Bean v. Miller*, 69 Mo. 384; *Park v. Kitchen*, 1 Mo. App. 358; *Dobbins v. Edmonds*, 18 Mo. App. 307; *Halpin v. Manny*, 57 Mo. App. 59; *King v. Gartin*, 77 Mo. 645; *Charpoit v. Sigerson*, 25 Mo. 64; *Farrar v. Patten*, 20 Mo. 81.

GILL, J.—Plaintiff's evidence tended to prove about this state of facts: Mrs. Harris, the plaintiff, is the married daughter of W. D. Williams, deceased, whose estate is represented by defendant Dougherty as administrator. In March, 1887, Mrs. Harris, while on a visit to her parents then residing on a small farm in Howard county, learned from her father that he was in a very embarrassed financial condition, and that he was about to lose his home by foreclosure of a mortgage or deed of trust, which he had placed thereon to secure a debt of something over $1,000. Mrs. Harris then had a few hundred dollars and with it she proposed to relieve her father. Thereupon it was agreed between them that Mrs. Harris should use her money to make a cash payment on the incumbrance, thereby reducing the debt and securing an extension; that Mrs. Harris should be permitted to sell the timber on the land which it was supposed would realize sufficient to pay off the remainder of the mortgage; that Williams and wife would convey the property, subject to the

incumbrance, to their daughter—reserving, however, a life estate in the father and mother, or the survivor.

ADMINISTRATION: money had and received: payment in decedent's behalf: action.

Accordingly, Mrs. Harris paid $340 in cash to the holders of the mortgage and the same was extended. She also thereafter made repeated efforts to sell the timber so as to realize money to pay off the remainder of the incumbrance—sent different parties there to inspect the timber, and would probably have effected a sale and accomplished the purpose contemplated by the agreement—but the father withdrew his consent and refused to allow a sale of the timber. As a result of this the plaintiff was unable to pay off and satisfy the balance due on the mortgage, and in course of time (December, 1890) the land was sold under the deed of trust, and Williams, the father, became the purchaser, for a sum equal to the remainder of the debt, interest and cost. In the year 1893, and shortly before his death, Williams sold the land at an advance of $900 over what it cost him at the trustee's sale; and this money seems to have gone into the hands of the defendant administrator, and comprises about the entire assets of the estate.

The purpose of this suit by Mrs. Harris was to have the court declare the said $900 a trust fund held by the administrator for her use; or, as an alternative, that she be allowed as a claim against the estate the sum of money she had advanced to her father in the manner above stated, together with interest thereon.

The circuit court, it seems, gave judgment for plaintiff in accordance with the latter prayer, allowing her $513.40, classified in the sixth class of demands against the estate. Defendant appealed.

The judgment of the lower court is for the right party. In so declaring we assume the facts to be as the evidence adduced in plaintiff's behalf tended to

prove and as the court found. It is not necessary to treat this as a suit to follow a trust fund, but as an ordinary action to recover money had and received. On the false promises of her father, the plaintiff was induced to pay $340 in partial liquidation of a debt against him, and in return for which she received nothing. It is true that under the agreement between Williams and Mrs. Harris she was to pay off the balance due on the mortgage covering Williams' home, but this was coupled with and dependent upon the further agreement that to raise money for that purpose she, the plaintiff, should be allowed to sell the timber on the land. But after getting plaintiff's money, he (Williams) refused this, and thereby put it out of plaintiff's power to pay off the incumbrance. While, then, it may be said that Mrs. Harris was in default as to her engagement to satisfy the mortgage, and that by reason thereof the land was sold under the mortgage, in December, 1890, yet this default was brought about by the wrongful act of Williams; and neither he nor his representative can take advantage of this wrong.

Under the evidence introduced in plaintiff's behalf Williams, the deceased father, had in his hands money of the plaintiff which in equity and good conscience his administrator ought not to retain.

The judgment is manifestly for the right party and will be affirmed. All concur.